IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLEMENT BROWN, | No. C 06-6961 JSW (PR) |
|     Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY** |
| vs. | |
| R. AYERS, Warden, | |
|     Respondent. | |

Petitioner, a prisoner of the State of California, has filed a habeas corpus petition pursuant to 28 U.S.C. § 2254. This Court ordered Respondent to show cause why a writ should not issue. Respondent filed an answer and a memorandum of points and authorities in support of the answer. He also lodged the record with the Court. Petitioner has filed a traverse. For the reasons stated below, the petition is denied on the merits.

**BACKGROUND**

In 1985 Petitioner was convicted of first degree murder in Orange County Superior Court. He was sentenced to prison for a term of twenty-six years to life. This petition is directed to a 2006 denial of parole by the Board of Parole Hearings.

**DISCUSSION**

**I.     Motion for Judicial Notice**

Petitioner asks the Court to take judicial notice of a decision of the California Superior Court for Santa Clara County, a decision in which that court held that California Code of Regulations, title 15, section 2402(c), having to do with criteria for

parole, is unconstitutionally vague "as applied" by the Board of Parole Hearings and that the Board violated the separation of powers doctrine by arrogating to itself absolute power over parole matters.

The decision has now been reversed on appeal. *In re Lewis*, 172 Cal. App. 4th 13 (2009). And even if it had not been, it could not control the result here. *See United States v. Mendoza*, 464 U.S. 154, 160 (1984) (rejecting application of offensive nonmutual collateral estoppel against the government). The motion for judicial notice will be denied.

## II. Merits

### A. Standard of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified under 28 U.S.C. § 2254, provides "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment, even when the Petitioner is not challenging his underlying state court conviction." *White v. Lambert*, 370 F.3d 1002, 1009-10 (9th Cir. 2004). Under AEDPA, this Court may entertain a petition for habeas relief on behalf of a California state inmate "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The writ may not be granted unless the state court's adjudication of any claim on the merits: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* at § 2254(d). Under this deferential standard, federal habeas relief will not be granted "simply because [this] court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." *Williams v. Taylor*, 529 U.S. 362, 411 (2000).

While circuit law may provide persuasive authority in determining whether the state court made an unreasonable application of Supreme Court precedent, the only definitive source of clearly established federal law under 28 U.S.C. § 2254(d) is in the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision. *Id.* at 412; *Clark v. Murphy*, 331 F.3d 1062, 1069 (9th Cir. 2003).

### B. Respondent's Claims

In order to preserve the issues for appeal, Respondent argues that California prisoners have no liberty interest in parole, and that if they do, the only due process protections available are a right to be heard and a right to be informed of the basis for the denial – that is, Respondent contends there is no due process right to have the result supported by sufficient evidence. Because these contentions are contrary to Ninth Circuit law, they are without merit. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)); *McQuillion v. Duncan*, 306 F.3d 895, 902 (9th Cir. 2002) ("California's parole scheme gives rise to a cognizable liberty interest in release on parole.").

### C. Petitioner's Claims

One section of the form petition calls for the petitioner to list "grounds for relief." Petitioner has written "see attached" in that section. The attachment contains five divisions, I-V, some of which contain more than one ground for relief, and some of those grounds for relief may duplicate others that are separately numbered. In an effort to protect Petitioner's rights, the Court has tried to list each ground separately below, which is why there are eight issues listed below when Petitioner numbers only five.

As grounds for federal habeas relief, Petitioner contends that the Board: (1) violated his due process rights by basing its decision on immutable characteristics of the offense; (2) based the denial on an "improper" finding that he needed vocational

3

training; (3) violated the statutory mandate that parole normally should be granted; (4) failed to use the "matrix" to determine whether he should be paroled; (5) based the decision on evidence that was not reliable, and performed an "an incomplete or unreasonable assessment of the relevant factors;" (6) denied parole without "some evidence" to support the denial; (7) was arbitrary as shown by its use of the "cruel and egregious" formula in almost every parole case; and (8) violated his rights under the *Apprendi/Blakely* line of cases.

Petitioner also contends, in a subsection of his fourth division, that the "some evidence" standard of review violates due process. That standard has been adopted by the Ninth Circuit and the circuit has held that it is "clearly established" by the Supreme Court. *See Irons v. Carey*, 479 F.3d 658, 662 (9th Cir. 2007) (applying "some evidence" standard used for disciplinary hearings as outlined in *Superintendent v. Hill*, 472 U.S. 445-455 (1985)); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1128-29 (9th Cir. 2006) (the some evidence standard identified in *Hill* is clearly established federal law in the parole context for purposes of § 2254(d)). This claim is rejected as patently without merit.

### 1. "*Biggs* Claim"

In a line of cases the Ninth Circuit has discussed the constitutionality of denying parole when the only basis for denial is the circumstances of the offense. *See Irons v. Carey*, 505 F.3d 846, 852-54 (9th Cir. 2007); *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006); *Biggs v. Terhune*, 334 F.3d 910, 915-17 (9th Cir. 2003).

In *Biggs* the court said that it might violate due process if the Board were to continue to deny parole to a prisoner because of the facts of his or her offense and in the face of evidence of rehabilitation. 334 F.3d at 916-17. No legal rationale for this statement was provided, and it was unclear whether the court was suggesting that the continued denial of parole would be a new sort of due process violation or whether it was simply expressing the thought that with the passage of time the nature of the offense

4

could cease to be "some evidence" that the prisoner would be a danger if paroled.[1] This ambiguity was helpfully cleared up in *Irons*, where the court clearly treated a "some evidence" claim as different from a "*Biggs* claim." *Irons*, 505 F.3d at 853-54. It appears, putting together the brief discussions in *Biggs* and *Irons*, that the court meant that at some point denial of parole based on long-ago and unchangeable factors, when overwhelmed with positive evidence of rehabilitation, would be fundamentally unfair and violate due process. As the dissenters from denial of rehearing en banc in *Irons* point out, in the Ninth Circuit what otherwise might be dictum is controlling authority if the issue was presented and decided, even if not strictly "necessary" to the decision. *Irons v. Carey*, 506 F.3d 951, 952 (9th Cir. 2007) (dissent from denial of rehearing en banc) (citing and discussing *Barapind v. Enomoto*, 400 F.3d 744, 751 n. 8 (9th Cir.2005)).

Depending on whether the discussion of dictum in the dissent from denial of rehearing en banc in *Irons* is correct, it thus may be that the Ninth Circuit has recognized a due process right that for convenience will be referred to in this opinion as a "*Biggs* claim." Here, the first part of Petitioner's first issue is a "*Biggs* claim," in that he contends that repeatedly using the immutable circumstances of his offense as grounds for denial of parole violates due process, separate from his "some evidence" claim, which is discussed below.

Petitioner has failed to establish the predicate for his *Biggs* claim. For one thing, Petitioner's parole was denied not only because of the circumstances of his offense, but also because of his unstable social history, failure to complete vocational programs, and the opposition of the district attorney. (Ex. 4 at 104-05, 107-08.)[2] And assuming for

---

[1] The Supreme Court has clearly established that a parole board's decision deprives a prisoner of due process if the board's decision is not supported by "some evidence in the record," or is "otherwise arbitrary." *Sass v. California Bd. of Prison Terms*, 461 F.3d 1123, 1129 (9th Cir. 2006) (adopting "some evidence" standard for disciplinary hearings outlined in *Superintendent v. Hill*, 472 U.S. 445, 454-55 (1985).

[2] Citations to "Ex." are to the exhibits in the record attached to Respondent's answer.

5

purposes of this discussion that *Biggs* and *Irons* recognized an abstract due process right not to have parole repeatedly denied on the basis of the facts of one's crime and in the face of extensive evidence of rehabilitation, and also assuming arguendo that the right was violated in Petitioner's case, Petitioner still cannot obtain relief on this theory, because as there is no clearly-established United States Supreme Court authority recognizing a "*Biggs* claim." The state courts' rulings therefore could not be contrary to, or an unreasonable application of, clearly-established Supreme Court authority.

### 2. Vocational Training Finding

The Board listed Petitioner's failure to complete training for a vocation as one basis for denying parole. Petitioner contends that this was not a proper ground for denial when he had job offers and useful job skills. This is a state law claim, which cannot be the basis for federal habeas relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas unavailable for violations of state law or for alleged error in the interpretation or application of state law).

### 3. Parole Normally to Be Granted

Petitioner contends that the Board's failure to grant him parole violated a California statute that provides that parole normally should be granted. Section 3041(a) of the California Penal Code provides, in part, that "o[]ne year prior to the inmate's minimum eligible parole release date a panel of two or more commissioners or deputy commissioners shall again meet with the inmate and *shall normally set a parole release date . . . ."* Cal. Penal Code § 3041(a) (emphasis added). This is a state law claim, and cannot be the basis for federal habeas relief. *See Estelle,* 502 U.S. at 67-68. And although Petitioner makes a conclusory claim that the purported violation of a California state also was a due process violation, a Petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." *Longford v. Day*, 110 F.3d 1380, 1389 (9th Cir. 1996).

///

///

### 4. Matrix

Petitioner contends that the Board violated his due process rights by not using the "matrix" to determine whether he had served sufficient time. The matrix is contained in the Board's regulations and provides a method of determining how long a murderer should serve, taking into consideration that circumstances of the murder and other aspects of the crime. *See* Cal.Code Regs., tit. 15, § 2400 et seq. This again is a state law claim, and no basis for federal habeas relief. *See Estelle,* 502 U.S. at 67-68. And in any event, state law is clear that the Board is not required to consider the matrix until after a prisoner is found suitable for parole, which it has not done with regard to Petitioner. *See In re Dannenberg*, 34 Cal. 4th 1069, 1080-81 (Cal. 2005). This claim is without merit.

### 5. Evidence Relied upon to Deny Parole

One of Petitioner's contentions in the fourth division of his petition is that the evidence relied upon to deny parole must be "relevant and reliable in establishing the inmate is a current unreasonable threat to public safety, and must not be grounded in an incomplete or unreasonable assessment of the relevant factors."

After the petition here was filed, the California Supreme Court held that the "some evidence" requirement is that there be some evidence that the prisoner is a present threat to public safety, not that there be some evidence of one or more of the factors that the regulations list as considerations in deciding whether to grant parole. *See In re Lawrence*, 44 Cal. 4th 1181 1205-06 (2008). This state law holding is binding on this Court, *see Bradshaw v. Richey*, 546 U.S. 74, 76 (2005), so Petitioner's emphasis on the regulatory factors is misplaced. And even if the factors were relevant to the due process issue, there is no United States Supreme Court holding that it would violate due process for the decision to be based on an "incomplete or unreasonable" assessment of the factors. This portion of the claim is without merit.

Petitioner also contends that due process requires that the "some evidence" supporting a parole denial must be reliable.

///

The Ninth Circuit stated in *McQuillion v. Duncan*, 306 F.3d 895 (9th Cir. 2002), that to comply with due process a parole denial must not only be supported by "some evidence," but it must have some indicia of reliability. *Id.* at 904. This was repeated in another parole case, *Biggs v. Terhune*, 334 F.3d 910, 915 (9th Cir. 2003). The *McQuillion* court quoted and cited *Jancsek v. Oregon Board of Parole*, 833 F.2d 1389 (1987). *McQuillion*, 306 F.3d at 904. In *Jancsek* the court held that due process requires that a parole denial be supported by "some evidence," reasoning that *Superintendent v. Hill*, 472 U.S. 445, 456 (1985), which applied that standard to prison disciplinary decisions that affected the length of the prisoner's incarceration, should apply in parole cases because grant or denial of parole also affects the length of incarceration. *Id.* at 1390. As relevant here, however, *Jancsek* also held, without explanation or discussion, that the "some evidence" relied upon by the Board must have "some indicia of reliability." *Id. Jancsek*, in its turn, cited *Cato v. Rushen*, 824 F.2d 703, 705 (9th Cir.1987), a disciplinary case, in which the court was squarely presented with the question whether "some evidence" must possess some indication of reliably, and answered "yes." *Id.* at 705. *Cato* cited two cases from other circuits, *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), and *Kyle v. Hanberry*, 677 F.2d 1386 (11th Cir. 1982), as support. Like *McQullion*, *Biggs*, *Jancsek*, and *Cato*, those cases did not point to a Supreme Court case that imposed a reliability requirement. *See Mendoza*, 779 F.2d at 1295; *Kyle*, 677 F.2d at 1390-91.

None of the cases discussed above identified a Supreme Court case that imposed the reliability requirement, and this Court has found none. As a consequence, even if the evidence upon which the Board relied here did not have indicia of reliability, that lack would not be a violation of "clearly established Federal law, as determined by the Supreme Court of the United States," and thus would not be grounds for federal habeas relief. *See* 28 U.S.C. § 2254(d). Moreover, even if the Court were to find that indicia of reliability were required, Petitioner has not pointed to any lack of reliability in the Board's description of the offense – indeed, he conceded its correctness (Ex. 4 at 9) – or

8

in the evidence that he had not completed a vocation training course in the prison. This claim thus is without merit.

### 6. "Some Evidence"

One of Petitioner's contentions in Dvision IV of his petition is that the denial of parole was not supported by "some evidence" and thus violated his due process rights.

Ascertaining whether the some evidence standard is met "does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455; *Sass*, 461 F.3d at 1128. The some evidence standard is minimal, and assures that "the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary." *Sass*, 461 F.3d at 1129 (quoting *Hill*, 472 U.S. at 457).

It is now established under California law that the task of the Board of Parole Hearings and the governor is to determine whether the prisoner would be a danger to society if he or she were paroled. *See Lawrence*, 44 Cal. 4th 1205-06. The constitutional "some evidence" requirement therefore is that there be some evidence that the prisoner would be such a danger, not that there be some evidence of one or more of the factors that the regulations list as considerations in deciding whether to grant parole. *Id.* at 1205-06.

Here, the grounds for the denial cited by the Board were that (1) Petitioners's offense was committed in a particularly callous manner, and was calculated and dispassionate; (2) the motive for the crime was trivial in relation to the offense (3) he had an unstable social history; (4) he had not completed any vocational programs; and (5) the district attorney opposed release. (Ex. 4 at 102-11.)

The following facts of the offense were read into the record at the hearing:

> According to the reports of the Huntington Beach police[,] at approximately 8:15 p.m. on February 6, 1985[,] Clement Brown (indiscernible) went to the apartment of Steve Pritchell (phonetic) in

9

Huntington Beach, California. Mr. Pritchell knew (indiscernible) as a former girlfriend of his ex-roommate Richard Duran (phonetic)[,] who [had] lived with Pritchell for a short time. She was admitted into the apartment by identifying herself. She was followed by Brown who carried a sawed off shotgun and (indiscernible).
[¶ ] As they entered th apartment, they noticed other people in the room[,] so they ordered everyone to lie on the floor and began taking their wallets and personal property. Mr. Prtichell was able to grab the shotgun from Brown and a fight ensured. Brown and one of the other guests, later identified as William Francis (indiscernible) the third, struggled for possession of a butcher knife that apparently had been in the kitchen of the apartment. During the struggle, Brown got control of the knife and stabbed Mr. (indiscernible) the third twice in the chest and once in the skull. The knife blade broke off in his skull. Brown, (indiscernible) and (indiscernible) fled the scene.
[¶ ] The victims reported the loss of $700 in money and a small quantity of cocaine. Mr. Pritchell received a severe cut to his arm and others received minor injuries during the fight.

(*Id.* at 7-8.)

The nature of the offense was one basis for the Board's conclusion that Petitioner would be a danger to society if paroled. At the time of the hearing in 2006 Petitioner was approximately fifty-three years old and had served a bit more than twenty years on his sentence of twenty-six years to life. This significant passage of time certainly reduces the evidentiary value of the offense itself, but the Court concludes that the circumstances of the offense still are entitled to some weight; whether they would be enough in themselves to constitute "some evidence" need not be resolved, because the denial also is supported by other evidence.

As the Board noted, Petitioner had not completed any vocational programs in prison. (Ex. 4 at 107.) This is undisputed. Petitioner contends that the fact that he had job offers and had an exemplary record as a prison clerk negates this point (*see* Ex. 4 at 41-64), but as the Board noted, it is difficult to assess the extent to which he had marketable skills in the absence of a record of formal completion of a program. (*Id.* at 107.) The chances of Petitioner reverting to crime and thus being a danger to society would be greater if he were unable to support himself on parole, so this evidence is relevant.

///

1    The Court concludes that putting the factors discussed above together – some
2 evidentiary value from the nature of the offense, despite passage of time, and Petitioner's
3 failure to complete a formal vocational program – there was "some evidence" to support
4 the parole denial.

5    Because there was no constitutional violation, the state courts' denial of this claim
6 was not contrary to, or an unreasonable application of, clearly established Supreme
7 Court authority.

### 7. Arbitrary Use of "Cruel and Egregious" Formula

9    One of Petitioner's contentions in the fifth division of his petition is that the
10 Board routinely characterizes parole applicants' offenses as cruel and egregious, and that
11 the characterization violates due process "when it is made in virtually every case that
12 [the Board] considers." (Pet. at 21.)

13    To the extent that Petitioner's argument is that it is illogical and contrary to the
14 statute for the Board to find that almost all murders are so cruel and egregious as to come
15 within the exception to the rule that parole normally is to be granted, that argument it is
16 a state law claim that cannot be the basis for relief here. To the extent his claim is that
17 federal due process forbids repeated use of the "cruel and egregious" formula, there is no
18 such due process requirement. The only due process requirements for parole eligibility
19 hearings that have been established by the Supreme Court and thus can be the basis for
20 relief here are (1) a right to be heard, *Greenholtz v. Nebraska*, 442 U.S. 1, 16 (1979); (2)
21 a right to be informed of the basis for the denial, *id.*; and (3) a right to a decision that is
22 supported by "some evidence," *Sass*, 461 F.3d at 1128-29.

23    This claim is without merit.

### 8. *Apprendi* Claim

25    In his fifth claim Petitioner also contends that "the BPT Panel's use of uncharged
26 unproven elements of his crime to continue denying parole violates Petitioner's
27 constitutional right to a jury trial under the sixth amendment of the Untied States
28 Constitution." (Pet. at 23.) In support of this contention he cites *Apprendi v. New*

11

*Jersey*, 530 U.S. 466 (2000).

The rule from *Apprendi* and its progeny is that, "under the Sixth Amendment, any fact that exposes a defendant to a greater potential sentence [than the statutory maximum] must be found by a jury, not a judge, and established beyond a reasonable doubt, not merely by a preponderance of the evidence." *Cunningham v. California*, 127 S. Ct. 856, 863-64 (2007). The relevant statutory maximum "'is not the maximum sentence a judge may impose after finding additional fact, but the maximum he may impose *without* any additional findings." *Id.* at 860 (quoting *Blakely v. Washington*, 542 U.S. 296 303-04 (2004)).

The *Blakely* court explained that the *Apprendi* rationale does not apply to indeterminate sentencing within the permitted sentence range. *See Blakely*, 542 U.S. at 309 ("Of course indeterminate schemes involve judicial factfinding, in that a judge *(like a parole board)* may implicitly rule on those facts he deems important to the exercise of his sentencing discretion. But the facts do not pertain to whether the defendant has a legal right to a lesser sentence-and that makes all the difference insofar as judicial impingement upon the traditional role of the jury is concerned.") (emphasis added).

In California, the sentence for a person convicted of first degree murder is death, life without parole, or twenty-five years to life. Cal. Penal Code § 190(a). In the case of those sentenced to a term of years to life, as Petitioner was, the sentence is a life sentence until he or she is found suitable for parole. *See Dannenberg*, 34 Cal. 4th at 1083-84 ("an inmate whose offense was so serious as to warrant, at the outset, a maximum term of life in prison, may be denied parole during whatever time the Board deems required for 'this individual' by 'consideration of the public safety.'" (quoting Cal. Penal Code § 3041(b) (emphasis in original)). And although there are regulations applicable to the parole board's decision whether to find an inmate suitable for parole, those regulations "are set forth as general guidelines; the importance attached to any circumstance or combination of circumstances in a particular case is left to the judgment of the panel." Cal. Code Regs., tit. 15, § 2402 (c), (d)). That is, the regulations do not

require a particular outcome when a particular fact is found, which is the required predicate for application of the *Apprendi/Blakely* rule. Because under California law Petitioner does not have a legal right to a lesser sentence when particular facts are found, *see Blakely*, 542 U.S. at 309, the *Apprendi/Blakely* rule is inapplicable and this claim is without merit.

**D.     Appealability**

The federal rules governing habeas cases brought by state prisoners have recently been amended to require a district court that denies a habeas petition to grant or deny a certificate of appealability in the ruling. *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (effective December 1, 2009).

A Petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability (formerly known as a certificate of probable cause to appeal). *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b). A judge shall grant a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The certificate must indicate which issues satisfy this standard. *See id.* § 2253(c)(3). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: the Petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 120 S.Ct. 1595, 1604 (2000).

For the reasons set out above, jurists of reason would not find the result debatable. A certificate of appealability will be denied.

### CONCLUSION

The petition for a writ of habeas corpus is DENIED. A certificate of appealability is DENIED. The Clerk shall close the file.

**IT IS SO ORDERED.**

DATED: February 10, 2010.

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| FOR THE | |
| NORTHERN DISTRICT OF CALIFORNIA | |

CLEMENT BROWN,

    Plaintiff,

  v.

R.AYERS et al,

    Defendant.

Case Number: CV06-06961 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 10, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Clement Brown
P.O. Box 5248
D19013
Corcoran, CA 93212-5248

Dated: February 10, 2010

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

G:\JSWALL\Pro-Se Prisoner\2006\Brown6961.RULparole.wpd